UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS L. BOUKNIGHT,    )
    Plaintiff,    )
    )    Civil Action
v.    )    Docket # 04-30064-MAP
    )
THE UNITED STATES DEPARTMENT    )
OF EDUCATION    )
    Defendant.    )

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS**

### **Introduction**

The Defendant submits this memorandum in support of the motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

### **Statement of Facts**[1]

Some time in 1986, the Plaintiff entered into a loan agreement with the United States Department of Education ("DOE") for the purpose of securing a loan of $2,500.00 to attend an auto-mechanics class at the American Technical Institute ("ATI"). Complaint, ¶5-6. While awaiting an opening in the auto-mechanics class, Plaintiff was placed in a "temp" class in Stationary Engineering at ATI. Id., ¶6. After a month had passed, and no place had become available in the auto-mechanics class, Plaintiff alleges that he was given two choices by the school, he could continue waiting, or withdraw, and the loan would be repaid to the DOE. Id., ¶8. The Plaintiff alleges that he elected to withdraw. Id.

A "few" years later, Plaintiff alleges that he was contacted by the DOE regarding repayment of the loan. Id., ¶10. The Plaintiff claims that he was "told" (presumably by ATI)

---

[1] In accord with the standard of Fed. R. Civ. P. 12, the defendant has presumed the truth of the Plaintiff's allegations.

that the loan would be repaid to DOE, and claims to have signed "papers" to allow the loan to be repaid to DOE.  Id., ¶11.

The Plaintiff contends that he never completed any course at ATI and was never given the course he "signed up for."  Id., ¶13.  The Plaintiff further contends that ATI has a history of fraudulent conduct, and alleges "there must have been some wrongdoing on behalf of the school."  Id., ¶14 and 19.

It appears that the loan has been fully repaid.  See Affidavit of Delores Gorham, Loan Analyst, Department of Education, attached hereto as Exhibit 1.

Although, the remedy sought is unclear, the Plaintiff complains that the DOE has taken the Plaintiff's tax returns and that the DOE's collection efforts have interfered with the Plaintiff's employment.  Id., ¶15 and 17.

## Argument

### I. This Court Lacks Subject Matter Jurisdiction

No action lies against the United States unless Congress has authorized it.  See e.g., Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996); United States v. Testan, 424 U.S. 392, 399 (1976); Dalehite v. United States, 346 U.S. 15, 30 (1953).  The immunity of the United States from suit is all embracing and without regard to the character of the proceedings or the source of the right sought to be enforced.  See Lynch v. United States, 292 U.S. 571, 582 (1934).

"[T]he party claiming that a court has the power to grant the relief in his behalf has the burden of persuasion on the jurisdictional issue."  Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 612 n.28 (1979).  While the court is obliged to construe a *pro se* plaintiff's pleadings liberally, "*pro se* status does not insulate a party from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  "The Constitution

does not require judges--or agencies, for that matter--to take up the slack when a party elects to represent himself." Eagle Eye Fishing Corp. v. U.S. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).

The plaintiff has failed to identify the claims pursued and the applicable waiver of sovereign immunity. As such, the "claims" should be dismissed.

**II.    To the Extent That The Complaint Is Read To State A Claim Arising In Tort Or Breach Of Contract, Such Claims Fail, Are Barred By Sovereign Immunity And Are Time Barred**

    A.    There Is No Actionable Claim In Tort

The terms and conditions of the Federal Torts Claims Act ("FTCA") govern a court's jurisdiction when entertaining tort claims against the United States. Soriano v. United States, 352 U.S. 270, 273 (1957). In this regard, the FTCA waives sovereign immunity for the torts of "any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. § 1346(b). Specifically, the FTCA permits actions against the United States:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1) (emphasis added). Nevertheless, to the extent that the Complaint may be deemed to state a claim arising in tort, it fails to state an actionable claim against the United States.

There is no set of facts alleged which would constitute a "tort" for purposes of the waiver established by the FTCA. The Plaintiff's Complaint alleges wrongdoing by employees of ATI,

not the United States,[2] and, as such, it fails to state a cognizable claim. Moreover, there simply is no recognized state law tort for collecting a loan where a third party has allegedly committed fraud.

B.     <u>There Is No Actionable Claim For Breach Of Contract</u>

The "Little Tucker Act," 28 U.S.C. § 1346(a)(2), confers concurrent jurisdiction (with the Court of Federal Claims) on district courts for breach of contract claims of $10,000.00 or less.[3] The instant Complaint, however, fails to state an actionable claim for breach of contract by the United States.

The Plaintiff admits to attending at least one class at ATI, <u>see</u> Complaint, ¶6, and claims that ATI wrongfully failed to return the money to the government when he withdrew. <u>Id</u>., ¶¶8-9 and 11. Contrary to any theory of breach, the government did exactly what it said it would do, it paid the money to ATI, on behalf of Plaintiff, so he could attend classes (subject, of course, to the agreed terms of repayment).

That ATI undertook some allegedly wrongful conduct does not create a breach attributable to the United States.

C.     <u>Presuming That The Complaint Alleges Facts Sufficient To State An Actionable Claim On Either Theory, Such Claims Are Time Barred</u>

The Plaintiff's claims arise out of a loan contract entered into in 1986, almost twenty years ago. Complaint, ¶5. Even assuming the cause of action was not discovered at that time, due to fraud of ATI employees, to the extent some claim existed (a finding the Defendant

---

[2] The FTCA, defines "government employees" to include "officers or employees of any federal agency," but specifically <u>excludes</u> "<u>any contractor with the United States</u>." <u>See</u> 28 U.S.C. § 2671 (emphasis added).

[3] As the relief sought is unclear, it is worthy of note that "[t]he Little Tucker Act does not authorize claims that seek primarily equitable relief." <u>Berman v. United States</u>, 264 F.3d 16, 20-21(1st Cir. 2001).

suggests is untenable), the Plaintiff was on notice as of 1988 or 1989.

The Plaintiff was contacted by the DOE within "a few years" of 1986, regarding repayment of the loan. Complaint, ¶10. When DOE attempted to collect the loan, Plaintiff was clearly on notice that something untoward had occurred. Under the discovery rule, "a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action." Gonzalez v. United States, 284 F.3d 81, 288 (1st Cir. 2002). A contact from the government seeking repayment clearly would "provoke a reasonable person in the plaintiff's circumstances to inquire or investigate further." McIntyre v. United States, 367 F.3d 38, 52 (1st Cir. 2004). Although manifestly unclear (in contravention of Fed. R. Civ. P. 9's requirements of specific allegations in support of fraud claims), it could be inferred from the Complaint that the Plaintiff contacted ATI and signed "paperwork" to have the loan repaid to the government at this time.

Clearly, the Plaintiff was on notice that the government expected to be paid. Any mistake, error or wrongful conduct was, or should have been, clear to the Plaintiff at that time. Indeed, the failure of the Plaintiff to follow up in any meaningful manner for over a decade is inexcusable.

The FTCA bars any suit not presented within two years. See 28 U.S.C. § 2675(a).[4] A claim under the Little Tucker Act must be filed within six years of the date of accrual. See 28 U.S.C. § 2501; Martinez v. United States, 333 F.3d 1295, 1302 (1st Cir. 2003). The Plaintiff, however, provides no explanation as to why this claim has not been pursued in over fifteen years.     To the extent a claim exists, it could (and should have) been pursued in 1989.

---

[4]The First Circuit has determined the FTCA's statute of limitations to be a jurisdictional prerequisite to suit. Coska v. United States, 114 F.3d 319, 322 (1st Cir.1997); Attallah v. United States, 955 F.2d 776, 779 (1st Cir.1992).

Any claim that the Plaintiff seeks to now pursue is more than a decade late and time barred.

## Conclusion

For the reasons stated, the Plaintiff's Complaint should be dismissed.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark J. Grady
MARK J. GRADY, Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136


Certificate of Service

I hereby certify that a true copy of the above document was served upon the Plaintiff, at the address listed on the Complaint, 10 Jewett's Court, Lynn, Massachusetts 01902, this 16th day of July 2004.

 /s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney